# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## STEPHANIE LAWSON MILLER v. STEPHEN LEE MILLER

**Appeal from the Circuit Court for Knox County**
**No. 115923**

---

**No. E2012-01414-COA-R3-CV-FILED-MAY 30, 2013**

---

CHARLES D. SUSANO, JR., Presiding Judge, dissenting.

With all due respect to my colleagues, I believe the conduct, or lack thereof, of Mother has been blown way out of proportion. Certainly, not all of the i's were properly dotted and not all of the t's were correctly crossed, but, in the final analysis and way before the date scheduled for the Child's Baptism, Father had ample opportunity to weigh in on the decision. He failed to stop the Baptism when he could.

My starting point is different from that of my brethren. There is nothing in the Permanent Parenting Plan ("the Plan"), nor could there constitutionally be anything there, precluding either of the parents from having one-on-one conversations with the Child pertaining to religion, religious decisions, and – yes – whether the Child would be baptized and where. It seems obvious to me that Mother did not violate the Plan when she discussed with the Child his desire to be baptized at Mother's church.

There is no question, as the majority points out, that the Plan "provided that major decisions regarding religious upbringing would be made jointly by Mother and Father." Notice that there is no requirement that the parties meet face-to-face or even talk directly to each other. What is required is a *joint* decision, nothing more and nothing less. So, when did Father first become aware that the Child wanted to be baptized? The majority opinion tells us that this occurred about a week and a day before the date on which the Child was to be baptized. Eight days! He had plenty of time to express his displeasure, cancel the Baptism, or insist that he was not on board with the decision. As far as I can tell, the only thing he did was attend the Baptism. He slept on his rights. I do not believe he should be permitted to put Mother in jail. Sounds like waiver to me.

Father had another opportunity. On December 17, 2011, Mother advised him that the Baptism was to be performed the next day. I appreciate the fact that the Child, in a telephone conversation with Father told him that he "ha[d] to be baptised [sic]" the next day. But, obviously, this is not true. The record does not reflect that there is any reason why the Baptism could not have been postponed. So what did Father do? He tells us that he "complied." He had two opportunities to step in and stop the Baptism. He failed to take advantage of either.

If I had been the Child's mother, I would have concluded, as she obviously did, that after two conversations with the Child, Father had no objection. He then participates in the Baptism. He ensnared Mother in a trap. Gotcha!!

Under the circumstances of this case, I would hold "no harm, no foul." In my judgment, the totality of the facts do not show that Mother was guilty of the alleged conduct beyond a reasonable doubt.

I respectfully dissent.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE